IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

GERALD SANDERS,

Plaintiff,

ORDER

09-cv-622-bbc

v.

DIRECTOR: U.S. SELECTIVE SERVICE SYSTEM,

Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Plaintiff Gerald Sanders has filed a proposed complaint and asks for leave to proceed in forma pauperis, supporting his request with an affidavit of indigency.[1] The standard for determining whether plaintiff qualifies for indigent status is the following:

- From plaintiff's annual gross income, the court subtracts $3700 for each dependent excluding the plaintiff.
- If the balance is less than $16,000, the plaintiff may proceed without any prepayment of fees and costs.
- If the balance is greater than $16,000 but less than $32,000, the plaintiff must prepay half the fees and costs.
- If the balance is greater than $32,000, the plaintiff must prepay all fees and

[1] I have used the affidavit plaintiff submitted with case 09-cv-623-bbc to determine plaintiff's indigent status because the affidavit he submitted in this action was unsigned. The financial information provided in both affidavits is the same.

costs.

- Substantial assets or debts require individual consideration.

Plaintiff has no dependents. His monthly income is $985, which makes his annual income $11,820. Because plaintiff's income is less than $16,000, he can proceed without any prepayment of fees or costs.

Because plaintiff is requesting leave to proceed without prepayment of costs, his complaint must be dismissed if it is legally frivolous, malicious, fails to state a claim upon which relief may be granted or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. § 1915(e)(2)(B). Reviewing plaintiff's complaint is no easy task because it is far from clear what claims plaintiff intends to bring. For proper context, I will repeat all of plaintiff's allegations below:

> My name is Gerald Sanders I am 58 years old; and a drafted veteran stateside of the Vietnam War.
>
> I registered at 18 with the Selective Service Board in Ft. Wayne Indiana which was then located on Webster Street. I was born in Fort Wayne, Ind. on Dec. 10—1950. My V.A. file number is []. My Social Security number is [].
>
> I believe my Constitutional Rights have been violated because when I was one of the few men in Fort Wayne Central High that was selected to enter the Armed Forces while in High School. There was and still is a majority of men with firearms and firearm licenses and permits.
>
> I think it is wrong for men with no draft registration to have guns. These men also have hunting licenses and are able to hunt in America and I have neither.

> I think it is wrong to avoid Selective Service Registration and cause Congress to compromise prosecution and Due Process of Law. I want equal protection for me and my kinfolk.
>
> I want to get paid for my tour in Uniform and for my Brother Raymond Sanders did 8 years in the Air Force and my Father James Sanders 4 years in the World War II in the U.S. Navy.
>
> There are so many aliens in this country with more rights than us. I only want to hunt deer and turkey and other fowl and receive money for serving our country.

In his request for relief, plaintiff writes, "I want gun exemption and felony waivers in all states regarding permits and licenses and monetary payment in the sum of two million dollars."

Plaintiff does not say so explicitly, but his allegations suggest that he is prohibited from possessing firearms because of a felony conviction and that he believes this prohibition violates his constitutional rights. Other parts of his complaint suggest that he believes the government owes him money for his service during the Vietnam War and the service of his family members, that the government unfairly targeted him for the draft and that nonveterans should be prohibited from owning firearms.

Unfortunately for plaintiff, none of these allegations states a claim upon which relief may be granted. To begin with, most of plaintiff's allegations seem to have little relation to defendant Selective Service System, if any. Plaintiff fails to explain how defendant would have any control over his gun rights or compensation for his services. The only claim related to defendant is plaintiff's allegation that he "believe[s his] Constitutional Rights have been violated because [he] was one of the few men in Fort Wayne Central High that was selected

to enter the Armed Forces while in High School."

Plaintiff may mean to contend that defendant violated his right to equal protection by drafting him and not other students at his high school. However, the government does not violate an individual's constitutional rights simply because some people receive better treatment than others. The inherent nature of the draft was that some men would be called and others would not. To succeed on a claim under the equal protection clause, a plaintiff must show that government discriminated against him *intentionally* because of a particular characteristic of the plaintiff, such as his race. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1948-49 (2009) ("Where the claim is invidious discrimination . . . our decisions make clear that the plaintiff must plead and prove that the defendant acted with discriminatory purpose" and that defendant "undert[ook] a course of action because of, not merely in spite of, the action's adverse effects upon an identifiable group."). Plaintiff includes no allegations in his complaint suggesting that defendant discriminated against him in that way. Further, even if defendant *had* engaged in intentional discrimination against plaintiff, the time for bringing such a claim has long since passed. Bailey v. Faulkner, 765 F.2d 102, 103 (7th Cir. 1985) ("The state statute of limitations that the federal courts must borrow in a section 1983 suit is the statute of limitations for personal-injury suits, which is two years in Indiana.") (internal citations omitted); Wudtke v. Davel, 128 F.3d 1057, 1061 (7th Cir. 1997) (in Wisconsin, statue of limitations for federal civil rights action is six years).

With respect to plaintiff's other claims, he could not prevail even if he had named the right defendant. Plaintiff does not have standing to challenge the gun possession of others

or to seek compensation for the services of his family members. Massachusetts v. EPA, 549 U.S. 497 (2007) (to demonstrate standing to sue, "the party bringing suit must show that the action injures him in a concrete and personal way"). A claim that the federal government owes plaintiff money for his services may be brought only in the Court of Federal Claims in Washington, D.C. and only within six years of the injury. 28 U.S.C. § 1491; 28 U.S.C. § 2501.

Plaintiff's claim regarding the prohibition on his gun ownership could be raised under the Second Amendment right to bear arms or the equal protection clause of the Fourteenth Amendment, but neither of these rights provides a basis for relief. Although the Supreme Court in District of Columbia v. Heller, 128 S. Ct. 2783 (2008), held that the Second Amendment confers an individual right, the Court has yet to apply that holding to state laws. National Rifle Association of America, Inc. v. City of Chicago, IL, 567 F.3d 856, 857 (7th Cir. 2009), cert. granted McDonald v. City of Chicago, IL, 2009 WL 1631802 (Sept. 30, 2009). Even if I assumed that plaintiff is prohibited from gun possession as a result of a federal conviction, "courts have repeatedly affirmed the constitutionality of the . . . prohibition of firearm possession by felons." United States v. Yancey, No. 08-cd-103-bbc, 2008 WL 4534201, *1 (W.D. Wis. Oct. 3, 2008). A theory under the equal protection clause fares no better. United States v. Jester, 139 F.3d 1168, 1171 (7th Cir. 1998) (prohibition on felon's firearm possession is rational way "to keep firearms out of the hands of those persons whose prior conduct indicated a heightened proclivity for using firearms to threaten community peace and the continued operation of the Government of the United

States").

ORDER

IT IS ORDERED that this case is DISMISSED for plaintiff Gerald Sanders's failure to state a claim upon which relief may be granted.

Entered this 15th day of October, 2009.

BY THE COURT:

/s/

________________________________
BARBARA B. CRABB
District Judge